IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

WISCONSIN STATE CIRCUIT COURT FOR
DANE COUNTY; THEODORE K. NICKEL,
COMMISSIONER OF INSURANCE OF THE STATE OF
WISCONSIN, as Rehabilitator of the Segregated Account of Ambac
Assurance Corporation; and AMBAC ASSURANCE
CORPORATION,

                Defendants.

OPINION and ORDER

11-cv-99-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 18, 2011, I concluded that this court lacked jurisdiction to consider the

legality of a state court's order made in the context of an insurance rehabilitation proceeding

that enjoined the United States from taking certain actions against the claims-paying assets

of the segregated account of Ambac Assurance Corporation.  Nickel v. United States, 10-cv-

778-bbc, dkt. #36.  Less than one month later, the United States commenced this collateral

attack against the Circuit Court of Dane County (the state rehabilitation court), the

Commissioner of Insurance of the State of Wisconsin and Ambac Assurance Corporation,

1

seeking to enjoin the state court from enforcing its rehabilitation plan or any injunction insofar as it affects the United States. The United States has also moved for a preliminary injunction, contending that exigent circumstances require emergency relief in this matter.

Although the United States attempts to distinguish this case from the previously remanded proceedings by arguing that the propriety and legality of removal is no longer an issue, this distinction does not change my earlier conclusions regarding jurisdiction. Because I conclude that this court lacks jurisdiction over the United States' claims for injunctive relief, I will dismiss this case.

BACKGROUND

On December 8, 2010, the United States removed a state court rehabilitation proceeding involving Ambac Assurance Corporation to this court, contending that the state court issued an unlawful injunction against the Internal Revenue Service. Nickel v. United States, 10-cv-778-bbc. On January 14, 2011, I remanded that proceeding to the state rehabilitation court, after concluding that the United States' removal of the rehabilitation proceeding was preempted under the McCarran-Ferguson Act and that the principles of comity and federalism set forth in Burford v. Sun Oil Co., 319 U.S. 315 (1943), required abstention. Once I had determined that jurisdiction did not exist to hear the case, I did not consider the United States' motion to dissolve the state court injunction, advising the

2

United States to "present its challenges to the state court."  Op. & Order, dkt. #36, at 19-20, in 10-cv-778-bbc.  The details regarding the insurance rehabilitation proceeding are set out in the order remanding the proceeding to state court and will not be repeated here.  Id. at 2-7.

On January 18, 2011, the United States appealed the remand order to the Court of Appeals for the Seventh Circuit, which issued an order directing the United States to file a memorandum explaining why the appeal should not be dismissed for lack of jurisdiction in light of the rule that "an order remanding a case to state court based on a lack of subject matter jurisdiction . . . is *not* reviewable on appeal."  Nickel v. United States, appeal no. 11-1158, dkt. #2, at 1 (Jan. 20, 2011) (emphasis in original).  The United States filed a responsive memorandum on February 3, 2011, to which the commissioner responded on February 8.  A decision on the jurisdictional question is pending.

On January 24, 2011, after the rehabilitation proceeding was transferred back to state court, the rehabilitation court entered an order confirming the rehabilitation plan that had been proposed by the commissioner before removal.  The rehabilitation court scheduled a hearing for February 23, 2011 to discuss the United States' motion to dissolve the injunction order that had been filed in this court.

The United States filed the present case, accompanied by a motion for a preliminary injunction, on February 9, 2011, seeking to enjoin the state court from (1) holding the

3

February 23 hearing on the United States' motion to dissolve the injunction; (2) enforcing the injunction issued on November 8, 2010 restraining the Internal Revenue Service from initiating tax collection proceedings against Ambac; (3) enforcing the rehabilitation plan insofar as it purports to make the November 8 injunction permanent, asserts exclusive state jurisdiction over certain federal tax liabilities of Ambac and otherwise purports to bind the United States; and (4) conducting any proceedings that would violate the Anti-Injunction Act, 26 U.SC. § 7421 and the sovereign immunity of the United States. In light of the United States' filing of the motion in this court, the state rehabilitation court adjourned the February 23 hearing.

In addition to the state rehabilitation proceeding, the appellate proceeding considering the United States' appeal of the remand order and the present case, there is a related bankruptcy case pending in the United States Bankruptcy Court for the Southern District of New York, in which Ambac's parent company has filed for bankruptcy. The issue of Ambac's potential $700 million tax liability is being litigated in the bankruptcy proceedings.


OPINION

As in the previous removal case, the threshold question is whether this court has jurisdiction over the United States' claims for injunctive relief. If the answer is no, the court

4

may not consider the United States' motion for a preliminary injunction and must dismiss the case. No motion to dismiss has been filed and plaintiffs have not had any opportunity to show cause why the case should not be dismissed for lack of jurisdiction. However, a court may dismiss a case for lack of jurisdiction on its own if it determines that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Buchel-Ruegsegger v. Buchel, 576 F.3d 451, 453 (7th Cir. 2009) (courts are required to evaluate their own jurisdiction and dismiss case if jurisdiction is lacking). I note that the United States does not wish to file additional briefing or hold a hearing on the jurisdictional question. In its motion for a preliminary injunction, the United States asks that, if the court finds the issues in this case to be indistinguishable from the issues addressed in the remanded case, the court "in the interests of judicial economy [should] summarily deny this motion without the necessity of a hearing or further briefing, in order to permit any appeal from than denial to proceed without delay, and to be consolidated with the pending appeal from the remand order. . . ." Plf.'s Br., dkt. #7, at 3.) In any event, additional briefing is unnecessary because I conclude that subject matter jurisdiction is lacking for the same reason it was absent when the United States removed the rehabilitation proceeding from state court.

Specifically, the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-15, reverse-preempts the exercise of federal jurisdiction to enjoin the rehabilitation court from performing its work.

5

In that Act, Congress provided that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance."  15 U.S.C. § 1012.  In United States Department of the Treasury v. Fabe, 508 U.S. 491 (1993), the Supreme Court ruled that the "business of insurance" extended to proceedings to liquidate or rehabilitate an insurance company.  See also Munich American Reinsurance Co. v. Crawford, 141 F.3d 585, 592-93 (5th Cir. 1998) ("[T]he specific provisions of the statute at issue here—vesting exclusive original jurisdiction of delinquency proceedings in the Oklahoma state court and authorizing the court to enjoin any action interfering with the delinquency proceedings—are laws enacted clearly for the purpose of regulating the business of insurance.")

In the remand order, I concluded that the federal removal statutes could not override certain state laws that set up a comprehensive framework for state insurance rehabilitation proceedings.  Specifically, I stated that

> Wis. Stat. ch. 645 vests jurisdiction in the state rehabilitation court over matters related to the rehabilitation of an insurer.  Wis. Stat. § 645.04.  The state court has authority to enjoin any action that may interfere with the proceedings or "lessen the value of the insurer's assets or prejudice the rights of policyholders, creditors or shareholders, or the administration of the proceeding."  Wis. Stat. § 645.05.  These sections of chapter 645 relate specifically to regulating the business of insurance.  Application of the federal removal statutes would impair the operation of chapter 645 by depriving the state rehabilitation court of jurisdiction, disrupting the goal of a

6

> comprehensive rehabilitation structure and interfering with the orders issued by the state court for the purpose of protecting assets payable to claimants. In sum, the federal removal statutes would 'invalidate[], impair[], or supersede[] the state laws at issue in this case.'

Op. & Order, dkt. #36, at 12, 10-cv-778-bbc (citations omitted).

In the present case, the United States cites 26 U.S.C. § 7402 (authorizing injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws"), 28 U.S.C. §§ 1331 (federal question) and 1340 (federal tax issues), as the basis for federal subject matter jurisdiction. Cpt., dkt. #1, at 3. Like the federal removal statutes, these are all statutes of general application and do not relate specifically to the business of insurance. In addition, their application would "invalidate, impair or supersede" the state statutes concerning rehabilitation and the state court's orders issued pursuant to those statutes. In particular, the United States asserts that § 7402 provides a vehicle for this court to enjoin the state rehabilitation court from enforcing the supplemental injunction and order confirming the rehabilitation plan. Such an injunction by this court would clearly "impair" or "supersede" the state laws that authorized the state court to issue those orders. Thus, for reasons substantially similar to those stated in the remand order, these jurisdictional statutes are reverse-preempted by the McCarran-Ferguson Act.

The United States attempts to avoid this result by invoking sovereign immunity and arguing that the McCarran-Ferguson Act cannot preempt sovereign immunity. However,

sovereign immunity does not provide an independent basis for jurisdiction and would not nullify the McCarran-Ferguson's reverse-preemption of the federal jurisdictional statutes unless "sovereign immunity prevents [the United States] from intervening in the state court action." United States v. Rural Electric Convenience Cooperative Co., 922 F.2d 429, 433 (7th Cir. 1991).  As the Supreme Court explained in United States v. Bank of New York & Trust Co., 296 U.S. 463, 480-81 (1936), the United States may participate as a creditor in a state rehabilitation proceeding without raising sovereign immunity concerns.  Id. ("We cannot see that there would be impairment of any rights the United States may possess, or any sacrifice of its proper dignity as a sovereign, if it prosecuted its claim in the appropriate forum where the funds are held.); see also Fabe, 508 U.S. at 509-10.  Here, even if I assume that the state court would not permit the United States to officially "intervene" in the rehabilitation proceeding (the United States has not suggested that it has attempted to do so), the United States does not deny that it will have an opportunity to pursue the return of any money owed it within the context of the state rehabilitation proceeding.

Even if the jurisdictional statutes were not reverse-preempted, I would abstain from exercising jurisdiction on the basis of principles of comity and federalism set forth in Burford v. Sun Oil Co., 319 U.S. 315 (1943).  In Burford, the United States Supreme Court held that federal courts should abstain from interfering with specialized, ongoing state regulatory schemes.  In the remand order, I concluded that abstention was appropriate for reasons that

8

apply with equal force to the present case:

> Wisconsin has a great interest in maintaining a uniform insurance
> rehabilitation process that provides strong protection to policyholders. . . The
> Wisconsin statutes contemplate that rehabilitation proceedings should be
> conducted almost exclusively in the state rehabilitation court, which has the
> authority both to enjoin actions that threaten the success of the rehabilitation
> and to address challenges to the structure of the rehabilitation. . . Ultimately,
> claims . . . will be collected in the rehabilitation court and paid according to
> Wisconsin's priority statutes.  Federal court review of the United States'
> claims would be disruptive of the state's rehabilitation goals and procedures.

Op. & Order, dkt. #36, at 17-18, 10-cv-778-bbc (citations omitted).

Despite the court's substantial discussion regarding abstention in the remand order,

the United States does not explain why the court's analysis of the doctrine would be any

different in this case.  This is likely because the United States' decision to file this lawsuit

shows that it disregarded the following discussion in the remand order:

> As other claimants have done, the United States may present its challenges to
> the state court, argue its position on the merits and if the result is
> unsatisfactory, appeal to the Wisconsin Court of Appeals.  In many respects,
> the state rehabilitation proceedings and the supplemental injunction are
> similar to federal bankruptcy proceedings and the automatic stay that goes
> into effect in bankruptcy.  Insurance companies are barred from using
> bankruptcy to reorganize; their only remedy is a state court rehabilitation
> proceeding.  As in bankruptcy, the efficacy of a rehabilitation proceeding is
> dependent upon the court's ability to stay actions by creditors that will
> interfere with the court's ability to manage the proceeding.  When a claimant
> is affected by the stay, the claimant challenges the effect in the bankruptcy
> court and if the result is unfavorable, it appeals.  *The claimant does not file a
> separate proceeding in a separate court to determine whether the stay should apply, as
> the United States has done in this case*. . . .Thus, the principles of <u>Burford</u> require
> abstention in this case to permit resolution of the United States' claims

9

through the available mechanisms in the state rehabilitation proceedings.

Id. at 19-20 (emphasis added).  By filing a collateral attack against orders issued in the state rehabilitation proceeding, the United States has once again disrupted the proceeding and deprived the state court of the opportunity to address issues that are similar to those raised by other creditors and have the potential to impair the rehabilitation plan.

With the commencement of this case, there are at least four court proceedings related directly to the rehabilitation of Ambac Assurance Corporation in which the issue of Ambac's potential tax liability to the IRS has been raised:  the rehabilitation proceeding itself; the bankruptcy proceeding in the Southern District of New York; the United States' appeal of this court's remand order; and the present case.  It may be that the court of appeals will conclude that the United States' objections to the state court's rulings should be heard in this court rather than the state court or the bankruptcy court.  However, unless the court of appeals makes such a determination, this court will abstain from resolving the merits of the United States' claims.

For the foregoing reasons, I am dismissing this case for lack of jurisdiction.  Because I conclude that this court lacks jurisdiction over this case, I will not address the United States' motion for a preliminary injunction.

10

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 17th day of February, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

11